1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

| | |
|---|---|
| DEBORAH JEAN WILBURN, | ) Case No.: 1:15-cv-01794 - JLT |
| | ) |
| Plaintiff, | ) ORDER TO PLAINTIFF TO SHOW CAUSE WHY |
| | ) SANCTIONS SHOULD NOT BE IMPOSED AND |
| v. | ) HER APPLICATION TO PROCEED IN FORMA |
| | ) PAUPERIS SHOULD NOT BE DENIED FOR |
| COMMISSIONER OF SOCIAL SECURITY, | ) FAILURE TO COMPLY WITH THE COURT'S |
| | ) ORDER |
| Defendant. | ) |
| | ) |

17        Plaintiff Deborah Jean Wilburn initiated this action for judicial review of the administrative

18    decision denying her application for Social Security benefits by filing a complaint and a motion to

19    *proceed in forma pauperis* on November 30, 2015.  (Docs. 1, 2)  The Court may authorize the

20    commencement of an action without prepayment of fees "by a person who submits an affidavit that

21    includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such

22    fees or give security therefor." 28 U.S.C. § 1915(a).

23        The Court reviewed Plaintiff's application and found the information provided was insufficient

24    to determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). Accordingly, Plaintiff

25    was ordered to file an amended motion to proceed in forma pauperis. (Doc. 3 at 2)  In addition, the

26    Court cautioned Plaintiff that "failure to comply with this order may result in denial of her application

27    to proceed *in forma pauperis*."  (*Id.*) To date, Plaintiff has failed to respond to or otherwise comply

28    with the Court's order.

1

1    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

2   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

3   and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

4   inherent power to control their dockets," and in exercising that power, a court may impose sanctions

5   including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

6   (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

7   an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v.*

8   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

9   requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

10  (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

11  Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

12    Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of

13  this Order why sanctions should not be imposed for her failure to comply with the Court's order or to

14  file an amended motion to proceed *in forma pauperis*.

15

16  IT IS SO ORDERED.

17   Dated:   **January 7, 2016**               **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28